[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 22, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-14111
Non-Argument Calendar

_____

D. C. Docket No. 00-00036-CR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAYMOND BRADDOCK HILL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(January 22, 2007)**

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Raymond Braddock Hill appeals his 24-month sentence for violation of

supervised release, arguing that his sentence is unreasonable because the district

court did not meet its statutory obligation to consider the factors listed in 18 U.S.C. § 3553(a) when imposing the sentence.[1] Upon careful consideration of the record and the parties' briefs, we discern no reversible error.

We review a sentence imposed upon revocation of supervised release for reasonableness. *United States v. Sweeting*, 437 F.3d 1105, 1106-07 (11th Cir. 2006). The reasonableness standard applies to the ultimate sentence, not each individual decision made during the sentencing process. *United States v. Winingear*, 422 F.3d 1241, 1245 (11th Cir. 2005). Such review is deferential, requiring us to evaluate "whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *Id.*

When sentencing a defendant upon revocation of supervised release, a court must consider: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. § 3553(a)(1); (2) "the need for the sentence . . . to afford adequate deterrence[,] protect the public from further

---

[1] As an initial matter, the government argues that the proper standard of review is plain error, while Hill argues that the standard is reasonableness. We need not decide the issue, however, because Hill's sentence is reasonable and therefore is due to be affirmed under either standard of review.

crimes[,] and . . . provide the defendant with [education or training and medical care or treatment]," 18 U.S.C. § 3553(a)(2)(B)-(D); (3) the policy statements in chapter seven of the Sentencing Guidelines, 18 U.S.C. § 3553(a)(4)-(5); (4) "the need to avoid unwarranted sentence disparities," 18 U.S.C. § 3553(a)(6); and (5) "the need to provide restitution to any victims of the offense," 18 U.S.C. § 3553(a)(7). *See* 18 U.S.C. § 3583(e) (providing that the court may revoke a term of supervised release after considering the sentencing factors set forth in 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)). District courts do not, however, need to establish the reasonableness of the sentences they impose by explicitly considering every factor from § 3553(a) on the record; some indication in the record that the court adequately and properly considered appropriate factors in conjunction with the sentence will be sufficient. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005).

The Sentencing Guidelines applying to revocation of probation, which appear in chapter seven, "are merely advisory, and it is enough that there is some indication the district court was aware of and considered them." *United States v. Aguillard*, 217 F.3d 1319, 1320 (11th Cir. 2000). The district court may impose any sentence within the statutory maximum, and a sentence in excess of the chapter seven range is permitted so long as it is within the range imposed by Congress.

*United States v. Hofierka*, 83 F.3d 357, 362-63 (11th Cir. 1996). Furthermore, as a general sentencing principle post-*Booker*, the district court is not under a "prescription [from this Court] regarding the appropriate deference to give the Guidelines[.]" *United States v. Hunt*, 459 F.3d 1180, 1184 (11th Cir. 2006). Rather, the district court has the discretion to determine on a case-by-case basis the weight that it gives to the guidelines, as long as it considers § 3553(a) in its entirety. *Id.*

As an initial matter, the record shows that the district court considered the applicable guideline range—both the government and the defense noted that the sentencing guideline range was 12 to 18 months, and neither disputed that the statutory maximum is 24 months. Regarding the § 3553(a) factors, although the district court did not expressly state that it had considered the factors, it is nevertheless clear from review of the sentencing transcript that the court considered the appropriate factors in this case. *See Scott*, 426 F.3d at 1329. Specifically, the district court stated:

> We've got five convictions here. . . . [I]t's one of the worst that I've seen in years. And these are not crimes where people were shot nor kidnapped or physically abused, but peoples' finances have been messed up. Financially it's been probably a headache and . . . a nightmare for people whose checks have bounced as a result of this type of activity.

Further, the court elaborated on its reasons for the 24-month sentence:

4

> [T]his is based on the fact that we've had this series of convictions, some five convictions—well, basically the same type of criminal conduct. Apparently imprisonment has made no impression on the Defendant, other than the fact that he's seen the light and he says he's willing to abide by the law at this time. But my recollection is that I've heard that argument before. I hope, I hope that you've learned your lesson.

With these statements, the court demonstrated its consideration of: (1) the nature and circumstances of the violation, *see* 18 U.S.C. § 3553(a)(1); (2) Hill's history and characteristics, particularly his criminal history, *see* 18 U.S.C. § (a)(1); (3) the need to afford adequate deterrence to criminal conduct, *see* 18 U.S.C. § 3553(a)(2)(B); and (4) the need to protect the public from further crimes of the defendant, *see* 18 U.S.C. § 3553(a)(2)(C).

Thus, Hill's sentence was reasonable, and we affirm accordingly.

**AFFIRMED.**